UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tessa Rani Raybourne Gibson Carlisle Childress, | ) C/A No.: 2:13-1010-SB-BM |
| Plaintiff, | ) |
| vs. | ) |
| First Citizens Bank;<br>Devon Ormson;<br>Ryan Funke;<br>Shaquita NLN;<br>Pam Wells;<br>Corey Greene;<br>Briana NLN;<br>Bostick NLN, | ) Report and Recommendation |
| Defendants. | |

Plaintiff, Tessa Rani Raybourne Gibson Carlisle Childress, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983, and seeks *in forma pauperis* status under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."

1

28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989). Further, although the Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Although Plaintiff's Complaint is not entirely clear, she appears to allege, essentially, that she went into a branch of First Citizen's Bank "to further secure her account." According to the Plaintiff, she was told to call the customer service number. Plaintiff does not indicate when, or from where, she made the phone call; however, she alleges she had a phone conversation with a customer service representative employed by First Citizens Bank. During the conversation, Plaintiff alleges she was unable to answer the first security question, but correctly answered the second question. Plaintiff then asked if the conversation was being recorded, and she was told "yes." Plaintiff complained that the recording was in violation of federal law and asked to speak with a supervisor.

Plaintiff then claims that the supervisor "listened to me and then locked me in the branch without asking me or notifying me of the branch doors being locked." She claims the supervisor did not ask her to leave during the discussion. She also alleges the supervisor scheduled an appointment with her for April 12, 2013, but called her on April 9, 2013, and told her that "they let customers know the calls are recorded, that it is automated." Plaintiff alleges they then told her they were closing her account, i.e., that Plaintiff "would receive a letter in the mail and [she] would have ten days to close [her] account or First Citizen's would send [her] a check in the mail.

2

Plaintiff then lists several South Carolina Code Sections and also cites to 18 U.S.C. § 2511. According to the Plaintiff, there are "penalties under federal law for recording conversation without consent and interception and disclosure of wire, oral, or electronic communications." In the relief section of her Complaint, Plaintiff asks the "violaters of State & Federal Code of law(s) to be accused and arrested and convicted and made to provide monetary damages relief to me...."

This complaint has been filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred:' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). While a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[1]

---



[1]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C.
(continued...)

3

Here, there is no allegation made, nor is it evident from the face of the Complaint, that any type of "state action" has taken place. In addition to naming the Bank, the remaining Defendants are all apparently the Bank's employees. Hence, all of the Defendants are private actors. Furthermore, Plaintiff's allegations do not contain any reference to a violation of any federal statute or constitutional provision by the Defendants, except that she believes her phone conversation with the customer service representative was unlawfully recorded. Thus, Plaintiff appears to allege violations of the federal wiretapping statute, 18 U.S.C. §§ 2510 et seq.

Generally speaking, the federal wiretapping statute forbids intentional or attempted interceptions of electronic communications, 18 U.S.C. § 2511(1)(a), and provides a cause of action for civil damages for its violation. 18 U.S.C. § 2520. Excluded from the statute's coverage, however, is any telephone or telephone equipment that is "furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business." 18 U.S.C. § 2510(5)(a)(i). Indeed, Plaintiff acknowledges she was told by a bank employee that "they let customers know the calls are recorded, that it is automated." Because Plaintiff's claim falls within the statutory exclusion under § 2510(5)(a)(ii), she fails to assert a viable claim under the Federal Wire Tapping Statute.

To the extent Plaintiff's allegations can, alternatively, be construed to set forth a state law cause of action, federal courts are allowed to hear and decide state-law claims only in conjunction

---

(...continued)
§ 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(collecting cases).

with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999). ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). While a civil action for Plaintiff's state claims *would* be cognizable in this Court under the federal diversity statute, if that statute's requirements were satisfied, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Here, the Complaint indicates the parties to this action are all residents of South Carolina, so diversity of parties does not exist in this case. Accordingly, this Court has no diversity jurisdiction over this case.

Finally, the plaintiff has requested in her prayer for relief that criminal action ("arrested and convicted") be taken against the Defendants. However, a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-1567 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); and *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the

guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D., supra*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman, supra*, 454 U.S. at 86-87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman, supra*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871). Hence, since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, she lacks standing to raise such a claim. *Linda R.S. v. Richard D., supra*, 410 U.S. at 619.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams, supra; and Haines v. Kerner, supra.*

Bristow Marchant
United States Magistrate Judge

May 17, 2013
Charleston, South Carolina

***The Plaintiff's attention is directed to the important NOTICE on the next page.***



6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

