IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tessa Rani Raybourne Gibson Carlisle Childress, </br></br> Plaintiff, </br></br> v. </br></br> First Citizens Bank; Devon Ormson; Ryan Funke; Shaquita NLN; Pam Wells; Corey Greene; Briana NLN; Bostick NLN, </br></br> Defendants. | Civil Action No. 2:13-1010-SB </br></br> **ORDER** |

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), this matter was referred to a United States Magistrate Judge for preliminary determinations. On May 20, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the Plaintiff's claims and recommending that the Court dismiss the matter without prejudice and without issuance and service of process. Attached to the R&R was a notice advising the Plaintiff of her right to file specific, written objections to the R&R within fourteen days of receiving a copy. On May 30, 2013, the Plaintiff filed written objections.



The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objections must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

In her complaint, the Plaintiff alleges that she visited a First Citizens bank on April 8, 2013, to "further secure [her] account." (Entry 1 at 3.) She claims that an employee told her to call a customer service number, which she did. (Id. at 3-4.) The Plaintiff next claims that when she failed to answer her security question correctly, she was asked a second security question, but she asserts that she never set up two security questions. Next, the Plaintiff claims that she asked the woman on the line whether the call was being recorded, and the woman said "yes." The Plaintiff asserts that she told the woman it was against the law for her to record the call without her consent. The Plaintiff also claims that while she was making this call, a bank employee closed the branch and locked her inside without notifying her, although the Plaintiff does not claim that she was not allowed to leave. (Id. at 5.) The Plaintiff claims that a bank employee scheduled an appointment with her for April 12, 2013, but on April 9, the employee called her and told her that customers are informed at the start of all calls to the customer service number that the calls may be monitored. The employee informed the Plaintiff that the bank was going to close her account and that it would send her a check in the mail for the remaining balance. (Id. at 6.) In support of her claims, the Plaintiff lists several citations to South Carolina Code sections, and she cites 18 U.S.C. § 2511, the federal wiretapping statute.

In the R&R, the Magistrate Judge summarized the Plaintiff's complaint and first determined that the Plaintiff failed to state a claim pursuant to 42 U.S.C. § 1983 because the complaint includes no allegations of "state action." In other words, because the Defendants are all private actors, the complaint does not allege that they were acting under color of state law.

Next, the Magistrate Judge determined that the Plaintiff failed to state a claim

2

pursuant to the federal wiretapping statute because the statute includes a specific exclusion for telephone equipment "furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business." 18 U.S.C. § 2510(5)(a).

Finding that the Plaintiff failed to state a federal claim, the Magistrate Judge determined that it would be improper for the Court to exercise supplemental jurisdiction over any potential state law claim raised in her complaint. Furthermore, the Magistrate Judge noted that diversity jurisdiction does not exist in this case.

Finally, to the extent the Plaintiff asked the Court to arrest and convict the Defendants, the Magistrate Judge noted that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person.

In her written objections, the Plaintiff reiterates her claim that "it is almost always illegal to record a phone conversation to which you are not a party AND do not have consent from at least one party AND could not naturally overhear." (Entry 14 at 1.) The Plaintiff also contends that she was not informed at the beginning of the customer service call that the call was being recorded. Attached to her objections, the Plaintiff included pages from Wikipedia concerning the expectation of privacy as well as various bank account statements and written communications regarding this matter, including a letter dated April 17, 2013, from the South Carolina Department of Consumer Affairs indicating that it found the First Citizens call procedure to be in compliance with all federal and state regulations. (Entry 16 at 28.)



3

After a thorough review of the record, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. The Court also finds that the Plaintiff's objections are without merit and point to no determinative error in the Magistrate Judge's analysis. Accordingly, the Court agrees with the Magistrate Judge's recommendation that this matter should be dismissed without prejudice for failure to state a claim cognizable in this Court. Stated simply, the Plaintiff's complaint does not allege a claim pursuant to section 1983, and the Plaintiff's attempt to bring a wiretapping claim likewise fails based on the plain language of the statutory exclusion in 18 U.S.C. § 2510(5)(a). With no federal claim pending, the Court declines to exercise supplemental jurisdiction over any potential state law claims, and the Court agrees that diversity jurisdiction does not exist. Therefore, it is hereby

**ORDERED** that the R&R (Entry 12) is adopted and incorporated herein; the Plaintiff's objections (Entry 14) are overruled; and this matter is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 24, 2013
Charleston, South Carolina

4